

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 4:04cr185(8) |
| | § | APPEAL NO. 05-41488 |
| RICKY ANTON SIDLAUSKAS | § | |

**MEMORANDUM OPINION AND ORDER**

On September 27, 2005, this court entered judgment, including sentence, against Defendant Ricky Anton Sidlauskas. As noted by the United States Court of Appeals for the Fifth Circuit, the deadline for filing a timely notice of appeal was October 11, 2005. However, Sidlauskas's *pro se* notice of appeal is stamped as filed on October 18, 2005.

Pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure, a district court may grant an additional thirty days in which to file a notice of appeal upon a finding of excusable neglect or good cause. Since Sidlauskas filed his notice of appeal within the additional thirty day period, the Fifth Circuit remanded the case to this court on December 7, 2005 for a determination of whether the untimely filing of the notice of appeal was due to excusable neglect or good cause. This court subsequently entered an order on December 22, 2005, directing Sidlauskas to file an affidavit with the court by January 27, 2006 explaining whether his notice of appeal was timely filed and, if it was not, whether the untimely filing of the notice of appeal was due to excusable neglect or good cause.[1]

---

[1] The court also ordered the Hunt County Jail Warden to submit to the court authenticated copies of pages from the outgoing legal mail log at the Hunt County Jail showing when the Defendant submitted a letter for mailing addressed to the Clerk of the Eastern District of Texas during the period of September 27, 2005 through October 18, 2005. The Warden was further ordered to obtain an affidavit from the mail room supervisor explaining how long it takes the mail room personnel to log a letter after it is delivered to the mail room from an inmate. Said records and affidavit were to be submitted to the Clerk of Court within thirty (30) days of receiving the order. Although the Hunt County Jail received the court's order

Thereafter, on January 26, 2006, Sidlauskas timely filed an affidavit (via his appellate counsel) in response to the Fifth Circuit's order of remand and this court's order. In his affidavit, Sidlauskas averred that he discussed appealing his case with his trial counsel. Sidlauskas further averred, however, that shortly thereafter, he learned that his trial counsel was no longer working on his case. Sidlauskas averred that he was under the impression that he had thirty (30) days in which to file his notice of appeal.

Sidlauskas attached to his affidavit a letter from his trial counsel dated October 7, 2005. In the letter, counsel acknowledges that Sidlauskas wanted to file a notice of appeal. After enumerating several reasons why the appeal would not succeed, counsel then stated as follows:

> If you still want to appeal, we must file the necessary papers no later than thirty (30) days after Judge Schell signed the judgment in your case. The deadline is October 27, 2005. Let me know what you want to do.

Upon learning that trial counsel was no longer working on his case, Sidlauskas filed his *pro se* notice of appeal on October 18, 2005.[2]

Rule 4(b)(1) of the Federal Rules of Appellate Procedure affords a criminal defendant ten (10) days in which to file a notice of appeal. Rule 4(b)(4) allows the district court to extend the time to file a notice of appeal for a period not to exceed thirty (30) days upon a showing of excusable neglect or good cause. FED. R. APP. P. 4(b)(4).

In *Pioneer Investment Services, Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the United States Supreme Court established the following factors to determine excusable neglect:

---

on December 27, 2005, as of this date, the Warden has yet to comply with the order of this court.

[2]Sidlauskas's trial counsel did not move to withdraw as counsel until October 31, 2005.

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding that party's omission. These include, as the Court of Appeals found, the danger of prejudice [ ], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 113 S.Ct. at 1498 (footnotes omitted).[3] However, ignorance of the rules or mistakes construing the rules typically do not constitute excusable neglect or good cause. *See United States v. Clark*, 51 F.3d 42, 43-44 (5th Cir. 1995), citing *Pioneer*, 113 S.Ct. at 1496.

Sidlauskas appears to be arguing that his counsel failed to comply with his request to file a direct appeal and, further, that his counsel erroneously advised him of the deadline for which to file his notice of appeal. An attorney acts in an unprofessional manner if he disregards specific instructions from his client to file a notice of appeal. *Roe v. Flores-Ortega*, 120 S.Ct. 1029, 1031 (2000). An attorney has a duty to consult with his client when there is reason to believe that the client wants to appeal or the client demonstrates an interest in appealing. *Id*. A defendant must inform his counsel of his desire to appeal. *Childs v. Collins*, 995 F.2d 67, 69 (5th Cir. 1993). If a defendant expresses a desire to appeal and his counsel subsequently fails to file an appeal, then it could be said that counsel's representation was deficient. *United States v. Guerra*, 94 F.3d 989, 994 (5th Cir. 1996).

Here, if Sidlauskas's counsel failed to file the notice of appeal as requested, counsel's representation could be deficient. Additionally, counsel's representation could be deficient since counsel erroneously advised Sidlauskas about the appellate deadline. It is not necessary, however,

---

[3] Although *Pioneer* involved a bankruptcy action, the Fifth Circuit determined that "*Pioneer* controls determinations of excusable neglect under Rule 4(b)." *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995).

for the court to make such a determination. In light of the fact that Sidlauskas was only seven (7) days late in filing his notice of appeal, the court finds that it is unlikely that the Government will suffer prejudice from this relatively short delay. Sidlauskas, however, may be greatly prejudiced by the court's disallowance of his appeal. Although the notice of appeal should have been timely filed, Sidlauskas's failure to do so is excusable. FED. R. APP. P. 4(b)(4). It is, therefore,

**ORDERED** that the Clerk of this Court shall return this case to the Fifth Circuit Court of Appeals for further proceedings.

**SIGNED this the 6th day of February, 2006.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE